2. That the order of December 22, 1982, 4 CIT 263, 553 F. Supp. 1060, denying plaintiff's motion for a preliminary injunction is vacated;

3. That the defendants be, and they hereby are, restrained from liquidating any and all unreliquidated entries of the merchandise covered by the determination contested in this action, i.e., Final Results of Administrative Review and Revocation in Part of Antidumping Finding, a notice of which was published on June 15, 1982 in 47 Fed. Reg. 25757-9;

4. That as a condition to the grant of preliminary injunctive relief a $100,000.00 bond or equivalent security be posted by plaintiff with the clerk of the court; and

5. That unless sooner modified or vacated for good cause shown this order shall expire upon the entry of final judgment on the merits in this action.

THE TIMKEN COMPANY, PLAINTIFF, *v.* UNITED STATES, ET AL., DEFENDANTS, NTN BEARING CORPORATION OF AMERICA, INTERVENOR

Court No. 82-6-00890

Before MALETZ, *Senior Judge.*

---

[10] The amount of duty refunds is business confidential and is the subject of a judicial protective order entered this day. With that figure, the 10% interest rate and the amount of security, the parties will then, of course, be able to compute the court's estimate as to the duration of these proceedings.

■■■■■■

(Dated August 1, 1983)

■■■■■■

*Eugene L. Stewart, Terence P. Stewart* and *Robert E. Ruggeri* for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch (*Velta A. Melnbrencis* on the briefs), for the defendants.

*Barnes, Richardson & Colburn* (*James H. Lundquist, Robert E. Burke* and *Donald J. Unger* on the briefs) for intervenor NTN Bearing Corporation of America.

MALETZ, *Senior Judge:* Upon reading and filing intervenor's motion for a protective order covering certain business confidential information attached to intervenor's instant motion and to its motion to establish security pursuant to court rule 65(c) filed concurrently, plaintiff's opposition thereto (defendants having no opposition to the motion), and the court having examined *in camera* each of the confidential documents in question, it is hereby

ORDERED that access to such confidential information shall be made available only to defendants and to the law office of Eugene L. Stewart, counsel for plaintiff, under the terms of a protective order mutually agreeable to the parties. The only demonstrable need which plaintiff has for this information is to determine the propriety of the amount of security required of it by this court's concurrent order granting plaitiff's motion for rehearing. The assistance of plaintiff's in-house counsel is entirely unnecessary for completion of this task. *See Atlantic Sugar, Ltd.* v. *United States,* 85 Cust. Ct. 133, C.R.D. 80–18 (1980). *See also U.S. Steel Corp.* v. *United States,* 6 CIT 55 (1983).